**In re: PREMPRO PRODUCTS
LIABILITY LITIGATION**

**Margaret Wilson, et al., Plaintiffs**

v.

**Wyeth, Inc., et al., Defendants.**

**MDL Docket Nos. 4:03CV01507–
WRW, 3:05CV00078–WRW.**

United States District Court,
E.D. Arkansas,
Jonesboro Division.

Oct. 19, 2010.

## ORDER OVERRULING WYETH'S OBJECTION TO INSTRUCTION Re: SPOLIATION

WM. R. WILSON, JR., District Judge.

On October 14, 2010, I entered an order in which I explained why I plan to give a spoliation instruction, and a copy of a proposed instruction was attached.[1] A copy of that order is attached as Exhibit A for ready reference.

Taking the evidence as a whole, there is no question in my mind that the trier of the fact could find that Defendant attempted to influence the testimony of Plaintiff's treating physician by making an agreement with the doctor's insurance carrier to reimburse it for fees and expenses incurred on behalf of the physician.

Defendant admits that one of the reasons behind this agreement (and similar ones in similar cases) is to spread goodwill amongst treating physicians—who prescribe Defendant's product. It would be hard to deny that "goodwill" could be expected to affect a doctor's testimony, consciously or unconsciously.

Defendant points out that there is no direct evidence in the record that this treating physician was told of the indemnity agreement. But, on August 7, 2007, the treating physician was informed by his insurance provider that "the defendant drug companies have been cooperating with treating physicians and their insurance carriers to ensure depositions go smoothly and the physicians' interests are protected."

In a previous Prempro case, the treating physician's testimony appeared to be "hostile" to that plaintiff's position to the extent that I allowed him to be cross-examined by plaintiff's counsel under Federal Rule of Evidence 611(c). In my judgment, no such finding was warranted in this case.

If Defendant did not intend to include favorable testimony within "goodwill," it seems that it would have had no reluctance to disclose the agreement during discovery. The record reveals, however, that Defendant went to great lengths to avoid disclosing the agreement.

---

1. Doc. No. 228.

Defendant's counsel argued that its agreement to disclose any agreement between the Defendant and Plaintiff's physician was not broad enough to include an agreement between Defendant and the doctor's insurer. This position is paper thin (being charitable to it). In all, Defendant "warn't square"[2] with Plaintiff on the discovery issue.

I would include Defendant's discovery evasion in the spoliation instruction but for the complexity of the federal discovery rules. But this evasion fortifies my decision to give the spoliation instruction on a narrower ground. In other words, the milder instruction will be given solely because I can't fashion an instruction (or allow evidence before the jury on this issue) which would protect against the very real danger set out in Federal Rule of Evidence 403.

## SUMMATION

Counsel have asked for an hour each for closing argument, and this request is granted. Plaintiff's counsel will have 45 minutes for initial argument, and 15 minutes for "the hammer." I will give a 5 minute warning for each argument (if I don't forget).

Counsel has had a weekend to prepare, so I expect the jury (and I) will be treated to a Susan B. Anthony, Robert Ingersoll, William Jennings Bryan-type oration.

## ORDER

Attached is a first draft of the instructions I plan to include in the final charge.

As noted earlier, the question in this case is not whether a witness (Dr. Lawrence) was swayed—rather the question is whether the purpose of the indemnity agreement was to sway the witness.

If the jury heard the evidence regarding discovery of the indemnity agreement, it could conclude that Defendant engaged in slow walking, and bobbing and weaving, in an attempt to keep Plaintiff from learning of the indemnity agreement. I think it would be proper for the jury to consider this issue, except that I can see no way to put the question before the jury without running afoul of Federal Rule of Evidence 403 considerations. The Federal Rules of Civil Procedure covering discovery are complicated—especially since the 1993 amendments. I can think of no way to submit this spoliation issue to the jury without entering a substantial briar patch (confusion of issues and undue delay). So, evidence on this issue is excluded, although I believe it is relevant.

## EXHIBIT A

DRAFT SPOLIATION INSTRUCTION

Defendant Wyeth agreed with State Volunteer Mutual that it would reimburse the legal expenses incurred by Plaintiff's treating doctor.

Plaintiff contends that Wyeth made this agreement in an attempt to sway Dr. Lawrence's testimony in Wyeth's favor.

Wyeth contends that it made this agreement as a good will gesture toward Dr. Lawrence, who prescribed its product.

It is up to you, the jury, to determine the purpose of the reimbursement agreement.

---

**2.** As Huck Finn would have put it.